IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE LUIS OLIVAS,

        Petitioner,

v.                                                                  No.  CV 08-0061 WJ/WPL

IMMIGRATION AND CUSTOMS
ENFORCEMENT, IMMIGRATION
DETENTION CENTER, EL PASO,
TEXAS,

        Respondent.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court for preliminary consideration of Petitioner's petition for writ of habeas corpus.  *See* 28 U.S.C. § 2254 R.4, R.1.  Petitioner is currently released on bond from confinement at an Immigration and Customs Enforcement ("ICE") detention center in El Paso, Texas.  Although Petitioner names a federal agency as the sole Respondent, his substantive claims are against two New Mexico criminal convictions that led to his removal (deportation) proceedings.  Petitioner asks the Court to issue two orders, one requiring ICE to show cause why he should not be discharged from confinement and the other vacating his state court convictions.  The petition does not identify a statutory basis for Petitioner's claims or the relief sought.

A. Claims against ICE

        Petitioner's claims against Respondent ICE constitute a petition under 28 U.S.C. § 2241. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Roble v. Pontesso*, 90 F. App'x 334, 333 (10th Cir. 2004).  Petitioner alleges that he has been released on bond from confinement in an El Paso, Texas, ICE detention center.  As the Tenth Circuit Court of Appeals has ruled, a district court does not have jurisdiction of a petition under § 2241 unless the petitioner is confined in the same judicial

district. *See United States v. Buck*, No. 99-2129, 1999 WL 811685, at \*\*2 (10th Cir. Oct. 12, 1999) (§ 2241 petition "must be filed in the district where the petitioner is confined."); *and see Rumsfeld*, 542 U.S. at 443 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Petitioner's claims against Respondent, therefore, may be properly adjudicated only in the United States District Court for the Western District of Texas.

Jurisdictional defects that arise when a proceeding is filed in the wrong federal district may be cured under the transfer statute, 28 U.S.C. § 1631, which requires a court to transfer a case "if the transfer is in the interest of justice." § 1631; *and see Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Furthermore, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150.

The Court of Appeals for the Tenth Circuit has identified several factors for determining whether to transfer or dismiss a case. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006). The first of these factors is whether a new petition would be time-barred. Petitioner's § 2241 claims will not even be ripe, let alone time-barred, unless and until his criminal convictions are set aside. The second factor is whether Petitioner's claims against the Texas Respondent "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4. As another court has noted in this context, "the state may afford the petitioner a remedy akin to the *coram nobis* writ, but that is a remedy which he must seek in the state court, not in federal court under the guise of § 2241." *Neyor v. I.N.S.*, 155 F. Supp.2d 127, 139 (D.N.J. 2001). Petitioner's claims against his state convictions must be litigated against the State of New Mexico and, therefore, have no current merit against his ICE detention.

A third factor is whether the petition was filed in good faith. *See Trujillo*, 465 F.3d at 1223

n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). The petition is signed by members of two law firms, and counsel "either realized or should have realized that the [New Mexico] forum . . . was improper." *Trierweiler*, 90 F.3d at 1544; *and cf., e.g., Neyor*, 155 F. Supp.2d at 139. None of these factors weighs in favor of transferring rather than dismissing these claims, and the Court finds that in the interest of justice, *see* § 1631, Petitioner's § 2241 claims against Respondent should be dismissed.

### B. Attack on state court convictions

Petitioner is not in custody pursuant to a state court judgment, and the petition does not invoke the provisions of 28 U.S.C. § 2254. Nonetheless, Petitioner seeks a writ vacating his state criminal convictions on grounds that his guilty pleas were involuntary. He alleges that in one case his attorney failed to advise him of the possibility of removal as a result of his conviction. In the other (misdemeanor) case he appeared pro se, and he now alleges he was not made aware of the immigration consequences of his conviction. As a result, he claims, his convictions were in violation of federal constitutional protections.

Petitioner's substantive claims are expressly contemplated by 28 U.S.C. § 2254: relief is available where a petitioner challenges "the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." § 2254(a). Where, as here, a petition is not brought under § 2254, certain restrictions apply to a court's construction of the petition. In the analogous situation following a federal conviction,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States*

3

*v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  These rules governing the recharacterizing of claims under § 2255 also apply to habeas corpus petitions under § 2254.  *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) ("[A] district court must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255.").

The Court finds that the petition should be considered under § 2254, notwithstanding its lack of designation, because of the nature of the relief sought.  In light of the rulings in *Kelly* and *Davis*, the Court notes that, if Petitioner pursues relief under § 2254, the petition is subject to a one-year limitation period, and Petitioner may be barred from filing a subsequent § 2254 petition.  Because Petitioner is represented by counsel, he will be directed to specify the statutory basis of his petition.  Alternatively, he may dismiss the petition according to rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.  Failure to comply with this Order may result in dismissal of the petition without further notice.

IT IS THEREFORE ORDERED that Petitioner's claims against the named Respondent are DISMISSED without prejudice to Petitioner's right to pursue claims under 28 U.S.C. § 2241 in an appropriate forum, and Respondent is DISMISSED as a party to this proceeding;

IT IS FURTHER ORDERED that Petitioner is hereby NOTIFIED that, within ten (10) days from entry of this Order, he may file an amended petition or other response specifying the basis of his claims against his state convictions; alternatively, he may dismiss his petition.

_____
UNITED STATES DISTRICT JUDGE

4